IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

KATHY L. HILTON,                    )
                                    )
                Plaintiff,          )
                                    )
v.                                  )        No. 2:07-CV-117
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
                Defendant.          )


## <u>MEMORANDUM OPINION</u>


This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of

defendant Commissioner's final decision denying plaintiff's claim for Supplemental Security

Income ("SSI") under Title XVI of the Social Security Act. Errors and inconsistencies in the

administrative decision below leave this court unable to conduct a satisfactory substantial

evidence review. Plaintiff's motion for summary judgment [doc. 15] will therefore be

granted to the extent it seeks remand under sentence four of § 405(g).[1] The Commissioner's

motion for summary judgment [doc. 17] will be denied.

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a
judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security,
with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

## I.

*Procedural History*

Plaintiff applied for benefits in September 2004, claiming to be disabled by "[o]steoarthritis, bad nerves, bad eyes, bad shoulder, neck spasms, [and] carpal tunnel [syndrome]." [Tr. 48, 55]. She alleged a disability onset date of August 1, 2002. [Tr. 48]. The application was denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") on March 14, 2006.

On May 10, 2006, the ALJ issued a decision denying benefits. The body of that ruling contains the conclusion, at step four of the sequential evaluation process, that plaintiff retains the residual functional capacity ("RFC") to return to her past light-level jobs of substitute teacher, maid, or factory worker. [Tr. 17, 20-21]. The body of the decision also states that plaintiff suffers from only one "severe" impairment, arthralgias. [Tr. 19]. However, in the section of his opinion captioned "Findings," the ALJ stated, "The claimant's disorder of the left hand and anxiety-related disorders are considered 'severe[.]'" [Tr. 21].

Plaintiff then sought, and was denied, review by the Commissioner's Appeals Council. [Tr. 5]. The ALJ's ruling therefore became the Commissioner's final decision. *See* 20 C.F.R. § 416.1481. Through her timely complaint, plaintiff has properly brought her case before this court for review. *See* 42 U.S.C. § 405(g).

II.

*Analysis*

This court's review is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g)*; Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

A. <u>Remand</u>

In light of significant errors contained in the ALJ's opinion, the court finds itself unable to conduct a satisfactory review. *See, e.g., McCoy v. Dir., Office of Worker's Comp., Dep't of Labor*, No. 88-3926, 1989 WL 128684, at *2 (6th Cir. Oct. 30, 1989) ("[T]he ALJ's imprecise finding is essentially unreviewable by this court since it is impossible to determine what evidence the ALJ credited and what evidence he rejected."). As noted, the ALJ's "Findings" state that plaintiff suffers from the "severe" impairments of anxiety-related disorders and "disorder of the left hand." [Tr. 21]. However, the body (or "Evaluation of the Evidence" section) of the ALJ's decision states that plaintiff suffers from the "severe" impairment of "arthralgias." [Tr. 19]. The ALJ deemed plaintiff capable of performing the full range of light exertion. [Tr. 20-21].

Clearly, the ALJ's severe impairment statements are in conflict. While the Commissioner now argues that the ALJ may have intended "arthralgias" and "disorder of the left hand" to be two descriptions of the same condition, that is mere speculation. Further, the ALJ did not explain how plaintiff can suffer from "severe" anxiety-related disorders yet remain capable of performing the full range of light exertion without any limitation in, for example, stress tolerance or production quotas.

The Commissioner also suggests that the ALJ's finding should be deemed a mere "misstatement." That invitation is tempting to a degree, as the ALJ's "Evaluation of the Evidence" section is dismissive of plaintiff's subjective mental complaints. [Tr. 19]. Ultimately, however, the court is unwilling to conclude that a specifically labeled "Finding" is a typographical error in its entirety. Irreconcilable conflicts exist in the ALJ's decision, and it is the ALJ who will be in the best position to cure those defects on remand.

The court additionally notes that the record evidence pertaining to what the ALJ termed "past relevant work" suggests that some of the jobs were highly sporadic or occurring more than fifteen years in the past. *See* 20 C.F.R. § 416.965(a) ("We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity."). In addition, there is no vocational evidence of record regarding the exertion level of the jobs that plaintiff was deemed still capable of performing. These issues, however, would appear to be no more than harmless error because the ALJ alternatively determined, at step five of the sequential

evaluation process, that application of the grid renders plaintiff "not disabled" and thus ineligible for benefits. [Tr. 20].

Nonetheless, these vocational issues are additional indication that plaintiff received less than a deliberate and thoughtful adjudication below. A Social Security claimant is entitled to "a full and fair review of his or her claim, and . . . a well-reasoned determination or decision." SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996). "[A] fair trial in a fair tribunal is a basic requirement of due process. . . . [and] [t]his applies to administrative agencies which adjudicate as well as to courts." *Withrow v. Larkin*, 421 U.S. 35, 46 (1975) (quotation and citation omitted). "[T]he ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983).

Irrespective of the particular merits of a case, and irrespective of any apparent credibility issues, all Social Security claimants must receive "a careful evaluation of the medical findings . . . and an informed judgment[.]" *See* SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996). The discrepancies in the decision below are not suggestive of "careful evaluation" or "informed judgment." Rather, the decision is imprecise to the point of being "essentially unreviewable." *See McCoy*, 1989 WL 128684 at *2.

This matter will therefore be remanded to the Commissioner so that the ALJ may cure the defects cited herein. The court will not require an additional administrative hearing or the taking of additional evidence. The present administrative record is more than

sufficient to resolve plaintiff's claim.

## B. <u>Reversal</u>

To the extent plaintiff asks this court to award benefits rather than remanding her case, the request will be denied. A reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.*

The court's review of the administrative record reveals rampant credibility issues regarding plaintiff's generally unsupported subjective complaints. The following nonexhaustive sampling illustrates that plaintiff is not entitled to an award of benefits from this court.

> 1. Plaintiff claims to be disabled, in part, by "bad eyes." [Tr. 55]. She has told the Commissioner that she does not drive, in part, because her "eyesight is real poor." [Tr. 112]. Similarly, plaintiff told consultative psychological examiner Dr. Roy Nevils that one reason she does not drive is, "I don't see well" [Tr. 143], and she further reported that she would read books "if I could see." [Tr. 144]. However, consultative physical examiner Dr. Wayne Page found no visual impairment because plaintiff's "corrected vision is approaching normal." [Tr. 154-55].

2. Plaintiff claims to suffer disabling, "real bad," "[v]ery, very intense . . . like a hot match . . . like a burning coal . . . for the slightest things that I do" bilateral wrist pain [Tr. 152, 185], yet Dr. Page observed her "frequently [choosing] to lean against the table, putting pressure on her left hand and wrist. This is inconsistent considering she complained of significant hand and wrist pain while doing finger-to-nose testing." [Tr. 153].

3. Following his examination, Dr. Page concluded, "within a reasonable degree of medical certainty, this examinee has no credibility. Her purely subjective complaints should therefore be given no weight[.]" [Tr. 153].

The court is not satisfied that "all essential factual issues have been resolved [or that] the record adequately establishes [] plaintiff's entitlement to benefits." *Faucher,* 17 F.3d at 176. Benefits will not be awarded by this reviewing court at this time. *See id.*

III.

*Appeals Council Evidence*

Lastly, the court must again address a recurring issue. In its summary judgment brief, plaintiff's law firm discusses evidence first brought before the Appeals Council but does not endeavor to explain how that evidence meets the "new, material, and good cause" standard of sentence six, 42 U.S.C. § 405(g). As the undersigned has reminded plaintiff's experienced Social Security attorneys in numerous prior cases, "where the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citation omitted). Instead, a district court can only remand such a case for further administrative proceedings, and only if the claimant satisfies

each prong of sentence six's "new, material, and good cause" standard. *See id.*

Nonetheless, despite prior admonitions, counsel has made no effort to articulate how the present late-submitted evidence warrants sentence six remand, nor is sentence six even addressed in its briefing. Through its ongoing unsupported citation of Appeals Council evidence in virtually every case brought before the court, counsel not only taxes the resources of the judiciary and the Commissioner (who, out of an abundance of caution, must continue to brief this frivolous issue), but also disregards Sixth Circuit precedent, *see Casey v. Sec'y of Health & Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997), the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 11(b)(2), and the authority of this court. *See, e.g., Shelton v. Astrue*, No. 2:06-cv-195, slip op. at 2-3 n.2 (E.D. Tenn. May 21, 2007); *Phillips v. Astrue*, No. 2:06-cv-088, slip op. at 3 n.1 (E.D. Tenn. Feb. 16, 2007); *Saylor-Slomba v. Barnhart*, No. 3:06-cv-175, slip op. at 3 n.3 (E.D. Tenn. Jan. 4, 2007); *Gilliam v. Barnhart*, No. 2:06-cv-111, slip op. at 2-3 n.3 (E.D. Tenn. Jan. 4, 2007); *Mayes v. Barnhart*, No. 3:06-cv-165, slip op. at 3 n.2 (E.D. Tenn. Jan. 4, 2007).

Counsel's abuse of the judicial process must end, at least in cases brought before the undersigned. Accordingly, in the present case the frivolous discussion of Appeals Council evidence will be a factor considered in deciding any forthcoming fee petition. Looking forward, in all cases designated to the undersigned, the present counsel's summary judgment memoranda will be timely reviewed by the court upon filing. Any brief that

discusses Appeals Council evidence unaccompanied by a developed application of the sentence six standard will be promptly stricken from the record.

IV.

*Conclusion*

Because plaintiff's administrative proceedings appear "so superficial as to deny [her] due process," *Lashley*, 708 F.2d at 1051, the final decision of the Commissioner will be reversed and remanded for a reevaluation consistent with this opinion. It is again stressed that rehearing and additional evidence will not be required by the court.

In addition, counsel has been admonished, in the court's sternest language *to date*, regarding its continued superficial presentation of Appeals Council evidence. It is anticipated that this issue will not require further attention from the court.

An order consistent with this opinion will be entered.


ENTER:


_____s/ Leon Jordan_____
United States District Judge